UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.  3:21CV-498-RGJ

**PAUL PRIESTING,**                                                                                                  **Plaintiff,**

**v.**

**DERBY CITY GAMING, LLC,**                                                                          **Defendant,**

<u>ORDER FOR SETTLEMENT CONFERENCE</u>

A settlement conference in this action is set for **Thursday, May 12, 2022**, at **10:00 A.M. Eastern Time** to be conducted via Zoom™ video conference.  Any party who wishes to request that the conference be held in person on the scheduled date at the Gene Snyder Courthouse, 601 W. Broadway, Louisville, Kentucky 40202, shall request the same via e-mail to theresa_burch@kywd.uscourts.gov and copy opposing counsel no later than fourteen days after entry of this order.

**Counsel shall review the entirety of this order.  Counsel shall further send a copy of the order and discuss the order in detail with his or her client(s), as well as any persons required to attend the settlement conference (*see* Part II, *infra*), especially the provisions regarding Zoom in Part V, *infra*.  Anyone who fails to comply with any provision of this order may be subject to the full range of sanctions authorized by law.**

I.     CONFIDENTIAL SETTLEMENT STATEMENT

    1.  <u>Deadline and manner of submission</u>.  Each party shall submit a confidential settlement statement as a PDF attachment by email to **chambers_lindsay@kywd.uscourts.gov**.  The subject line of the email shall include the party's name, case number, and the phrase "confidential settlement statement."  The party's confidential settlement statement is due **no later than seven (7) days** before the settlement conference.

    2.  <u>Failure to timely submit</u>.  If any party fails to timely submit its confidential settlement statement, the Magistrate Judge may reschedule the settlement conference and may assess against the responsible party all costs incurred as a result of rescheduling.

3.  <u>Contents of confidential settlement statement</u>.  The confidential settlement statement shall contain: (a) the name, employer and title of each person who will attend; (b) a telephone number at which each attendee may be reached on the day of the conference; (c) specific recitation of the facts; (d) discussion of the strengths *and weaknesses* of the case; (e) the party's position on settlement, including a present settlement proposal; (f) settlement efforts to date, including the most recent offers/demands from all parties; and (g) a statement regarding whether any insurance agreement exists under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

4.  <u>Candor in confidential settlement statement</u>.  Each party shall be candid in its confidential settlement statement.  The confidential settlement statement will not become part of the case file, be filed with the Clerk, or be provided to the other parties in the case.

5.  <u>Attachments to confidential settlement statement</u>.  Each party shall attach to the confidential settlement statement copies of any documents not already part of the court file that it believes important for the Magistrate Judge's understanding of the case.

## II. PARTICIPATION AT THE SETTLEMENT CONFERENCE

Unless the Court grants an exception to this Order (see Paragraph (IV)(1) below), the following individuals *shall* be present via Zoom at the settlement conference.

1.  <u>Lead counsel</u>.  Counsel who will actually try the case shall attend via Zoom.

2.  <u>Each natural person party</u>.  Each natural person party shall attend via Zoom, regardless of his or her settlement position and/or whether he or she is covered by an applicable insurance policy or otherwise indemnified.

3.  <u>Each entity party</u>.  Each entity party (*e.g.*, corporation, LLC, government, etc.) shall attend via Zoom through an authorized party representative employed by the party **regardless of its settlement position and/or whether it is covered by an applicable insurance policy or otherwise indemnified**.[1]

    The party representative must have **full settlement authority**.  The party representative must be **fully authorized** to approve a settlement and must have the authority to **change** the party's valuation of the case and the party's settlement posture **during the course of the settlement conference**.  A party violates this Order by, among other things, sending to the settlement conference a party representative who has a "cap" or limit to his or her authority, or who requires consultation with or permission from anyone not present via Zoom at the settlement conference to make or respond to an offer or demand.  *See Lockhart v. Patel*, 115

---

[1] To be "employed by the party" within the meaning of this Order, the party representative shall be an employee of the party and shall not be specially employed by the party for purposes of representing it at the settlement conference.

        F.R.D. 44 (E.D. Ky. 1987). A party representative who must "call the home office" for permission to accept an offer does **not** have full settlement authority within the meaning of this Order.

4. <u>Insurance carrier representative, if applicable</u>. An authorized representative of any insurance carrier that may be liable for all or part of a possible judgment shall via Zoom. *See* Fed. R. Civ. P. 26(a)(1)(iv). The authorized representative shall be employed by the insurance carrier and shall not be an individual specially employed for the purposes of representing the insurance carrier at the settlement conference.

   The insurance carrier representative must have **full settlement authority**. The insurance carrier representative must be **fully authorized** to approve a settlement and must have the authority to **change** the insurer's valuation of the case and the carrier's settlement posture **during the course of the settlement conference**. A party and/or an insurance carrier violate this Order by, among other things, sending to the settlement conference an insurance carrier representative who has a "cap" or limit to his or her authority, or who requires consultation with or permission from anyone not present via Zoom at the settlement conference to make or respond to an offer or demand. *See Lockhart v. Patel*, 115 F.R.D. 44 (E.D. Ky. 1987). An insurance carrier representative who must "call the home office" for permission to accept an offer does **not** have full settlement authority within the meaning of this Order.

5. <u>No other means of remote participation</u>. Unless specifically authorized in advance by the undersigned, all parties must participate in the conference via Zoom. Participation by telephone, through another video conferencing platform, or other remote means is not permitted.

### III. PREPARATION FOR THE SETTLEMENT CONFERENCE

1. Counsel shall confer with their client(s), client representative(s) and/or insurer(s) before the settlement conference to explore the party's settlement position. The Court encourages the parties to exchange settlement proposals before the settlement conference.

2. All persons in attendance via Zoom at the settlement conference shall be prepared to discuss liability and damages in detail, with reference if necessary to supporting documents and case law.

3. If any recovery may be subject to a lien asserted by a person who is not a party to the case, plaintiff and plaintiff's counsel must be prepared to negotiate a settlement of the case that includes satisfaction or settlement of said lien. If any recovery may be subject to a Medicare or Medicaid lien, Plaintiff's counsel must bring to the settlement conference a copy of a conditional lien letter from the Centers for Medicare and Medicaid Services.

**IV.   SCHEDULING AND SPECIAL CIRCUMSTANCES**

1. <u>Exception to this Order</u>.  If a party believes that special circumstances justify an exception to this Order, counsel for that party must contact the Magistrate Judge's Chambers by email to **chambers_lindsay@kywd.uscourts.gov** at least **fourteen (14) days** before the date of the scheduled settlement conference.  The Magistrate Judge will only grant an exception to this Order for extraordinary circumstances.  No exception will be effective until it has been approved by the Court and entered into the record.

2. *Ex parte* communications.  A party requesting an exception to this Order may contact Judge Lindsay's chambers to schedule an *ex parte* call regarding the requested exception.  Additionally, all counsel are advised that Judge Lindsay may conduct *ex parte* calls in advance of the settlement conference regarding attendance at the conference, the party's valuation of the case, and other matters related to settlement only.

3. <u>Length of settlement conference</u>.  While the Court will be respectful of the time and other commitments of all participants in the settlement conference, the Court maintains sole discretion as to when the settlement conference will be adjourned or terminated.  Accordingly, all participants in the settlement conference shall make travel and accommodation arrangements with the understanding that those plans may have to change.

4. <u>Rescheduling settlement conference</u>.  Absent exigent circumstances, *e.g.*, sudden illness or incapacity of a participant, any party seeking to reschedule the settlement conference must file a written motion to that effect.  That motion must include a statement as to the special circumstance that justifies rescheduling the settlement conference.  This written motion must be filed at least **seven (7) days** before the date of the scheduled settlement conference.  The party seeking to reschedule should e-mail Theresa Burch at theresa_burch@kywd.uscourts.gov, copying all counsel of record, to notify the Court that the motion has been filed.

5. <u>Emergency preventing attendance</u>.  Should an emergency arise that prevents anyone described in Section II, above, from attending the settlement conference in person, counsel shall make reasonable efforts to confer with opposing counsel and shall contact Theresa Burch by e-mail at theresa_burch@kywd.uscourts.gov.  If Ms. Burch is not available, counsel shall jointly contact Magistrate Judge Lindsay's chambers at chambers_lindsay@kywd.uscourts.gov.

**V.   SPECIFIC PROVISIONS REGARDING ZOOM**

1. <u>Meeting Link.</u>  All persons attending the settlement conference shall do so through use of a link to a Zoom meeting to be provided by the undersigned's Chambers no later than forty-eight hours before the scheduled conference.  The undersigned's Chambers will provide the Zoom meeting link and information to counsel of record, who shall be responsible for forwarding it to the attendee(s) for his or her client.

       Neither counsel of record nor any attendee shall provide or otherwise share the meeting link with any person who is not attending the settlement conference pursuant to Part II above. If a participant is disconnected during the settlement conference, they may rejoin the conference at any time via the Zoom meeting link provided.

2. <u>Technological Capability.</u> All persons shall attend the settlement conference via video. The Zoom conference should be accessible from any Apple or Android mobile device or any Windows or macOS computer that is or can be equipped with both a web cam and a microphone. However, no party may participate through use of a Chromebook or device running Chrome OS. The participants are responsible for ensuring that they have access to a device with these capabilities, including a webcam. If an attendee does not have access to a device with these capabilities, they shall contact the undersigned's Chambers as set forth above immediately to see if other arrangements can be made for their participation. Though the settlement conference is scheduled to begin as set forth above, the Zoom meeting link will open thirty minutes prior to the settlement conference. All participants shall log on in sufficient time prior to the start of the settlement conference to ensure that they are able to successfully access the meeting and that their web cam and microphone are functioning normally.

3. <u>Name.</u> When a participant logs on to Zoom, he or she will be provided with an opportunity to enter his or her name. The participant should enter both his or her name and role (e.g. counsel for plaintiff, plaintiff, defendant's representative, etc.) in the space provided.

4. <u>Attendance from Home</u>. Though the undersigned is conducting the settlement conference via Zoom, counsel and all participants are advised to behave as though the settlement conference is being conducted in-person at the courthouse. However, the undersigned understands that given COVID-19 and the realities of working from home, the participants may be juggling attendance at the settlement conference with other responsibilities, including care for children or other family members. All attendees should strive to ensure that they can be generally present for the duration of the settlement conference while juggling these other responsibilities and should advise the undersigned's Chambers prior to the settlement conference if they foresee any problems.

IT IS SO ORDERED.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

December 20, 2021

5